IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CITY OF PITTSFIELD, ILLINOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  3:13-cv-03210  SEM-BGC |
| ) | |
| AMERICAN WATER ENTERPRISES, INC. ) | |
| and ENVIRONMENTAL MANAGEMENT ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS**

Plaintiff, City of Pittsfield, Illinois, (the "City") by its attorneys, Michael Hollahan and John M. Myers, respectfully submits this Memorandum in Opposition to the Motion of the Defendants to Dismiss the Complaint.

**1.    The Complaint Should Not Be Dismissed, and Certainly Not Dismissed With Prejudice**

The familiar rules pertaining to Rule 12(b)(6) motions were recently restated by the Court in *Williams vs. Caterpillar, Inc.*, 2013 WL 1624381 (C.D. Ill. 2013), as follows:

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.,* 589 F.3d 901, 904 (7th Cir.2009) (citing *Tamayo v. Blagojevich,*526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must first "describe the claim in sufficient detail to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,*550 U.S. 544, 560–63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). If the complaint overcomes this first hurdle, it must next plead enough facts to "plausibly suggest that the plaintiff has a right to relief ... above a 'speculative level.' " *Id.* While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not

do." *Twombly,* 550 U.S. at 545, 127 S.Ct. 1955. Rather, "the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955; *Tamayo,* 526 F.3d at 1084).

The allegations of the Complaint are certainly sufficient to place these Defendants on fair notice of what the claim is and the grounds upon which it rests. And, the claim is plausible on its face. Specifically, the City's claim is that it had a contract with Defendant EMC dated October 1, 1999 and subsequently amended, a copy of which is attached to the Complaint. Under the contract, EMC managed the City's sewage treatment plant and lift stations for many years, until the contract was terminated by the City in 2011. A few of EMC's responsibilities under the contract are as follows. Paragraph II of the contract, "Scope of Services" provided:

    A.    that EMC would "manage the operation and maintenance of the facility in accordance with accepted industry practices and use its best efforts in accordance with such practices so that the effluent discharge is equal to, or better than, the effluent requirements established by the U.S. Environmental Protection Agency (USEPA)."

    B.    that EMC would "staff the facility with employees experienced and qualified in management, administrative and technical areas of waste water treatment, process control, waste water laboratory analysis, and maintenance procedures for Facility and equipment."

    C.    that EMC would "institute a comprehensive preventative maintenance program for all equipment... ."

    D.    that EMC would "manage the operation and maintenance of the facility in such manner that the effluent quality is maintained at all times at a level equal to, or better than, the effluent requirements established by the Environmental Protection Agency in the NPDES permit."

In paragraph 5 of the Complaint, the City outlines "numerous and severe deficiencies" in EMC's performance of the contract which it is unnecessary to reproduce here; suffice it to say that paragraph 5 describes in detail how EMC badly mismanaged the sewage treatment plant, failed to maintain the plant and did not comply with EPA or other governmental regulations. The extent of the damage caused by this mismanagement is stated in paragraph 6 of the Complaint:  $184,006.16.

True, the word "breached" nowhere appears in the Complaint, but that is mere nitpicking by the Defendants, where the manifold ways in which EMC failed to perform the contract are stated in great detail and the amount of damages is identified with precision.  Certainly, the allegations are sufficient to put EMC and this Court on notice of the City's claim and its basis. On its face, the Complaint is one for breach of contract, with damages of $184.006.16.

With regard to the argument that the Complaint should be dismissed for failure to state that the City performed its part of the contract, the very case cited by the Defendants, *Redfield vs. Continental Casualty Corp.*, 818 F.2d 596 (7th Cir. 1987), says that " the appropriate remedy for a Plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice." *Id.,* at 610.  We concede that the City's failure to allege its own performance of the contract is a technical defect in the Complaint.  But the defect is easily fixed in an Amended Complaint should the Court dismiss the first Complaint.

With regard to the allegation pertaining to American Water being liable to the City as the "managing entity" of EMC, we can only represent to the Court that this admission against American Water's interest was made by general counsel for American Water in a letter to the City's counsel, Mr. Hollahan, in 2011.  As such, the City reasonably believed that inclusion of American Water as a defendant in this matter would be entirely noncontroversial.  However, in

view of our argument in Part 2 below, it would be inappropriate for us to develop this theme further in this Memorandum by attaching a copy of Amercian Water's counsel's letter to this Memorandum.  If the Court believes that the allegation that EMC was controlled by American Water is insufficient, we ask that American Water be dismissed without prejudice, the relationship between American Water and EMC to be more particularly described in an Amended Complaint to which the City will attach the written admission made by American Water's counsel.

In sum, there are more than sufficient facts alleged in this Complaint to alert both the Defendants and the Court as to the existence of a claim by the City against EMC and American Water resulting from EMC's mismanagement of the Pittsfield sewage treatment plant, causing $184,006.16 in damages to the City.

Any defects in this Complaint are technical; should the Court dismiss the Complaint, it should be with leave to file an Amended Complaint to correct such technical defects.

    **2.**    **The "Close-Out Agreement" Should Be Stricken or Ignored.**

The Defendants have attached to their Memorandum in Support of their Motion to Dismiss, a document captioned "Close-Out Agreement."  The Close-Out Agreement is discussed in Footnote 1 to the Defendants' Memorandum, in which the Defendants attempt to argue that the Close-Out Agreement defeats the City's Complaint.

While it doubtless may form part of a future affirmative defense to be filed by the Defendants, the Close-Out Agreement is not presently part of the pleadings.  Nor is the Close-Out Agreement referred to in the Complaint or central to the Plaintiff's claim.  Consequently, it should either be stricken or ignored at this juncture. The Court recently summarized the law in this area in *Wiland v. Assurecare, Inc.*, 2013 WL 4840460 (N.D. Ill., September 10, 2013):

If, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Seventh Circuit observes a "narrow" exception that permits courts to examine documents attached to a motion to dismiss if they are "referred to in the complaint," "central to the plaintiff's claim," and "concededly authentic." *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir.2002). The exception is pointedly not "intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." Id. (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir.1998)). To consider documents that require "discovery to authenticate or disambiguate," a judge must "convert the defendant's motion to a Rule 56 motion." Id. at 739. When that occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

WHEREFORE, the Complaint should not be dismissed, but if it is dismissed, it should be dismissed without prejudice and with leave to amend.

                                  Respectfully submitted,

                                  CITY OF PITTSFIELD, ILLINOIS, Plaintiff,

                                  By:   /s/ John M. Myers
                                          One of its Attorneys

John M. Myers
Rabin & Myers, PC
1300 South 8th Street
Springfield, IL  62703
Telephone:   217-544-5003
Facsimile:   217-544-5017
jmyers@springfieldlaw.com

Michael J. Hollahan
Hollahan Law Office
109 E. Washington Street
Pittsfield, IL  62363
Telephone:   217-285-5593
Facsimile:   217-285-5539
mike@hollahanlaw.com

- 5 -

CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of September, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Carl J. Pesce
Thompson & Coburn
One US Bank Plaza
St. Louis, MO  63101
cpesce@thompsoncoburn.com

Michael J. Hollahan
Hollahan Law Office
109 E. Washington Street
Pittsfield, IL  62363
Telephone:   217-285-5593
Facsimile:    217-285-5539
mike@hollahanlaw.com

          /s/  John M. Myers