### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CITY OF PITTSFIELD, ILLINOIS,  )
                               )
    Plaintiff,                 )
                               )
    v.                         )   No. 13-3210
                               )
AMERICAN WATER ENTERPRISES,    )
INC., and ENVIRONMENTAL        )
MANAGEMENT CORPORATION,        )
                               )
    Defendants.                )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

    This matter is before the Court on Defendants American Water Enterprises, Inc.'s (American Water) and Environmental Management Corporation's (EMC) Motion to Dismiss (d/e 3) pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because the Complaint fails to state a claim against American Water and EMC, Defendants' Motion to Dismiss is GRANTED.  Plaintiff is granted leave to file an Amended Complaint.

### I. BACKGROUND

On June 20, 2013, Plaintiff, City of Pittsfield, Illinois, filed a Complaint in the Circuit Court of Pike County, Illinois . Plaintiff alleged one count of breach of contract against EMC and American Water.

Plaintiff alleges that on October 1, 1999, Plaintiff and EMC entered into a contract and subsequent amendments in which EMC agreed to operate Plaintiff's wastewater and lift stations located in Pittsfield, Illinois. Compl., d/e 4-1, at ¶ 4. EMC agreed to manage and operate the wastewater facility and lift stations equal to or better than the effluent requirements established by the United States Environmental Protection Agency. Compl., d/e 4-1, at ¶ 4. Plaintiff attached to the Complaint these contracts and amendments. The only reference to American Water is the allegation that American Water is the management entity for EMC. Compl., d/e 4-1 at ¶ 3.

On January 20, 2011, Plaintiff terminated the contract with EMC because of several "deficiencies," including evidence of untreated discharge, failure to install lift pumps, maintenance deficiencies, and failures to comply with Illinois Environmental Protection Agency and Occupational Safety and Health Administration regulations. Compl., d/e 4-1, at ¶ 5. Plaintiff incurred damages in the amount of $184,006.16. Compl., d/e 4-1, at ¶ 6. On July 19, 2013, Defendants removed the action to this Court and

filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. JURISDICTION

This Court has subject matter jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of its state of incorporation and its principal place of business).  Plaintiff is a municipality located in Illinois. Defendant American Water is a Delaware corporation with its principal place of business in New Jersey.  Compl., d/e 4-1 at ¶ 3; see also Corporation File Detail Report at www.ilsos.gov.  Defendant EMC is a Missouri corporation with its principal place of business in Missouri.  Compl., d/e 4-1 at ¶ 2.  Therefore, the complete diversity requirement is satisfied.  See § 1332(a)(1).  In addition, Plaintiff seeks damages in excess of $75,000, thereby satisfying the amount in controversy requirement.  Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## III. LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  To

state a claim upon which relief can be granted, a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). The complaint must contain factual allegations that show the right to relief is plausible, rather than merely "speculative." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55(2007). A claim is plausible when the well-pleaded allegations allow the Court to draw a reasonable inference that the complainant is entitled to the relief sought. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

Defendants assert that Plaintiff's Complaint must be dismissed for two reasons. First, Defendants argue that the Complaint against American Water must be dismissed because American Water was not a party to the contract and Plaintiff has not alleged any facts against American Water. Second, Defendants argue that the Complaint must be dismissed as to both American Water and EMC because Plaintiff has failed to allege two necessary elements for a breach of contract claim: breach by Defendants and that Plaintiff fulfillment of its obligations under the contract.

Plaintiff responds that the Complaint should not be dismissed and should certainly not be dismissed with prejudice. Plaintiff states that, if the allegation that EMC was controlled by American Water is insufficient to

state a claim, the Complaint should be dismissed without prejudice with leave to amend. Plaintiff also concedes that the Complaint does not allege Plaintiff's own performance of the contract but asserts this deficiency is only a "technical defect" that can be easily fixed by amendment. The parties assume that Illinois law applies.

**A.     The Claim Against American Water is Dismissed Without Prejudice For Failure to Allege Any Basis for Relief Against American Water.**

In the Complaint, Plaintiff identifies American Water as the "managing entity" for EMC, but does not otherwise mention American Water. See Compl., d/e 4-1 at ¶ 3. The contracts and amendments at issue were entered into between Plaintiff and EMC.

A corporation is a distinct legal entity, separate from other corporations with which it may be affiliated. Forsythe v. Clark USA, Inc., 361 Ill. App. 3d 642, 646 (2005); Main Bank of Chicago v. Baker, 86 Ill. 2d 188, 204 (1981). Therefore, a parent corporation is generally not liable for the subsidiary's debts and obligations unless the circumstances warrant piercing the corporate veil. See, e.g. Main Bank of Chicago, 86 Ill. 2d at 205; United States v. Bestfoods, 524 U.S. 51, 61 (1998)(noting that "[i]t is a general principle of corporate law . . . that a parent corporation . . . is not liable for the acts of its subsidiaries" (internal citations and quotations

omitted)); but see Old Orchard Urban Ltd. Partnership v. Harry Rosen, Inc., 389 Ill. App. 3d 58, 68 (2009) ("Illinois law provides that efforts to pierce the corporate veil are governed by the law of the state of incorporation").

In this case, Plaintiff has alleged nothing more than that American Water is the managing entity for EMC. Therefore, even assuming a parent/subsidiary relationship exists between American Water and EMC, Plaintiff has not alleged any facts from which it can be inferred that the corporate veil should be pierced.

In its Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff asks that leave to amend be granted if the Complaint is dismissed as to American Water. Plaintiff states it has additional facts that support American Water's liability. Therefore, the Court grants Plaintiff leave to amend the Complaint.

**B.    Because Plaintiff Will be Filing an Amended Complaint as to American Water and Has Conceded that Plaintiff's Failure to Allege its Own Performance of the Contract is a Technical Defect, the Breach of Contract Claim Against EMC is Dismissed Without Prejudice**

Defendants also seek to dismiss the Complaint for failure to state a breach of contract claim.

The elements of a breach of contract claim are the existence of a valid enforceable contract, substantial performance by the plaintiff, a breach by the defendant, and damages caused by the breach.  Reger Dev., LLC v. Nat'l City Bank, 592 F.3d 759, 764 (7th Cir. 2010) (quoting W.W. Vincent & Co. v. First Colony Life Ins. Co., 351 Ill. App.3d 752, 759 (2004)).  However, federal pleadings standards apply even though the claim arises under state law.  Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Fin. Serv. Inc., 536 F.3d 663, 670 (7th Cir. 2008).

Defendants argue that Plaintiff failed to allege a breach by Defendants and Plaintiff's own performance of the contract.  Plaintiff concedes that the failure to allege its own performance is a technical defect that can easily be fixed in an Amended Complaint.  The Court will accept Plaintiff's concession and dismiss the Complaint without prejudice.  Plaintiff has, however, adequately alleged a breach in paragraph 5 of the Complaint.

## V. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (d/e 3) is GRANTED.  The Complaint is dismissed without prejudice.  Plaintiff is granted leave to file an Amended Complaint on or before November 18, 2013.  Defendants shall answer or otherwise plead on or before December 2, 2013.

ENTER: November 4, 2013

FOR THE COURT:

                               <u>s/ Sue E. Myerscough</u>
                               SUE E. MYERSCOUGH
                               United States District Judge